# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3777 | **DATE** | December 17, 2003 |
| **CASE TITLE** | Heather Kapeluck  v  Experian Information Solutions, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Memorandum opinion and order entered. Accordingly, defendants' motion to dismiss is denied. Defendants' motion to transfer is granted and this cause is ordered transferred to the U.S.D.C. for the Southern District of Ohio.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | DEC 18 2003 date docketed | 20 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 1 8 2003

HEATHER KAPELUCK, )
)
Plaintiff, )
) No. 03 C 3777
v. )
) Judge Robert W. Gettleman
EXPERIAN INFORMATION SOLUTIONS, )
TRANS UNION LLC, and PHYSICIANS CREDIT )
BUREAU, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Heather Kapeluck has brought a five count complaint against defendants Experian Information Solutions ("Experian"), Trans Union LLC ("Trans Union"), and Physicians Credit Bureau ("PCB"), alleging that defendants reported derogatory and inaccurate statements relating to plaintiff's credit history in violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA") (Counts I, III, and V), and constituting defamation (Counts II and IV). Defendants Experian and PCB assert that venue is improper in the Northern District of Illinois and have moved to have the case dismissed or transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1406(a), or in the alternative pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the court denies defendants' motion to dismiss and grants defendants' motion to transfer.

## FACTS

Plaintiff lives in Canton, Ohio. Defendant PCB, a collection agency, is an Ohio corporation with its principal place of business in Columbus, Ohio. Defendants Experian and Trans Union, credit reporting agencies, conduct business throughout the United States, including in Illinois. Experian is incorporated in Ohio.



Plaintiff alleges that PCB reported inaccurate information about her to Experian and Trans Union, which they then disseminated in their credit reports. Specifically, plaintiff alleges that she never received notice or correspondence from a particular creditor that transferred her delinquent account to PCB for collection. Plaintiff's complaint alleges that she repeatedly notified defendants of this inaccuracy and that defendants failed to conduct an investigation of and correct the disputed information. Plaintiff alleges that as a result of defendant's willful and negligent reporting she endured emotional distress, an impaired credit rating and loss of credit, and expenses associated with disputing the information.

## DISCUSSION

Defendant PCB and Experian have moved to dismiss, arguing that this court lacks venue. Venue for actions not founded solely on diversity of citizenship is prescribed by 28 U.S.C. 1391(b), which provides that venue rests in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

While not articulated as such, plaintiff, relying on her complaint, appears to argue that venue is proper under 28 U.S.C. § 1391(b)(1), because defendants are corporations that do business in the state of Illinois and are therefore citizens of Illinois. Defendants admittedly are corporations and therefore "shall be deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. 1391(c).

A federal court has personal jurisdiction over a non-resident corporate defendant if the state in which it sits would have jurisdiction. *Int'l Truck and Engine Corp. v. Dawson Int'l Inc.*, 216

F.Supp.2d 754, 757 (N.D. Ind 2002). The Illinois long-arm statute permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000) (citing 735 Ill.Comp.Stat. 5/2-209(c)); *Liberty Mutual Fire Ins. Co. v. Reimer Express Enterprises, Ltd.*, 82 F.Supp.2d 887, 889 (N.D.Ill. 2000).

Defendant PCB argues that this court lacks personal jurisdiction (and therefore venue) over it because it is an Ohio corporation, and over the last 20 years it has attempted to collect money from no more than 3,000 Illinois residents. This court finds that PCB's attempts to collect debts from 150 Illinois residents a year is sufficiently "substantial[,] . . . continuous and systematic," for personal jurisdiction to exist for a cause of action unrelated to those contacts. *Perkins v. Benquet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952). Consequently, this court finds that venue is proper under 28 U.S.C. § 1391(b) and accordingly, denies defendants PCB's and Experian's motion to dismiss for lack of venue.

Even though venue is proper in this district, defendants argue that the case should still be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiff argues that transfer under § 1404(a) is improper because the convenience of plaintiff's choice of counsel, Krohn & Moss, a specialist consumer law firm located in Chicago, Illinois, outweighs any inconvenience of the defendants and does not serve the interest of justice. The Seventh Circuit, courts in the Northern District of Illinois, and this court in particular have

repeatedly ruled that while plaintiff's choice of forum is a factor in the § 1404(a) analysis, the convenience of plaintiff's counsel is not such a factor, especially when plaintiff's only connection to Illinois is her choice of counsel. *Chicago R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Boyd v. Snyder* 44 F.Supp.2d 966 (N.D.Ill. 1999); *Reyes v. Experian Information Solutions, Inc.*, 2003 WL 22282515 (N.D.Ill 2003).

Defendants PCB and Experian are residents of the Southern District of Ohio. Because that court has personal jurisdiction over plaintiff and defendants, venue is proper there pursuant to 28 U.S.C. § 1391(b)(2). Plaintiff does not dispute that venue is proper in the Southern District of Ohio.

The majority of the public and private convenience factors and the interests of justice favor transfer to the Southern District of Ohio. Plaintiff and defendants PCB and Experian are located there and the allegedly inaccurate and defamatory information upon which the plaintiff relies for the truth of her statement was collected and disseminated from there. Plaintiff's efforts to correct the errors and, importantly, the injuries she claims to have suffered as a result occurred in the Southern District of Ohio. None of the events giving rise to the underlying dispute, neither the conduct at issue nor the alleged injury, occurred in the Northern District of Illinois. Plaintiff's contention that credit reporting systems have no *situs* does not favor the Northern District of Illinois.

In addition, plaintiff makes no assertion that there is any evidence in Illinois or that any unwilling third party witnesses are outside the compulsory process of the Southern District of Ohio. All of the defendants' evidence, however, is located in Ohio. Even Krohn & Moss has an office located in Ohio, although the attorneys there claim to have less experience with FCRA matters than the firm's Illinois attorneys. Nonetheless the Illinois Krohn & Moss attorneys can be admitted to practice in the Souther District of Ohio, *pro hac vice*, giving plaintiff counsel of her choice. Because

4

there is no connection between the instant suit and Illinois, all other factors under § 1409(a) favor transfer.

## CONCLUSION

As set forth above, only one factor, plaintiff's choice of forum, favors against transfer. All other factors, particularly, the convenience to the parties, strongly favor transfer to the Southern District of Ohio. Accordingly, the court denies defendants' motion to dismiss pursuant to 28 U.S.C. § 1406(a), but grants defendants' motion pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Southern District of Ohio.

**ENTER:** **December 17, 2003**

 **Robert W. Gettleman**
 **United States District Judge**